701 So.2d 1389 (1997)
STATE of Louisiana, Plaintiff-Relator,
v.
James BLACKWELL, Defendant-Respondent.
No. 30281-KW.
Court of Appeal of Louisiana, Second Circuit.
November 10, 1997.
*1390 Lavalle B. Salomon, Monroe, for Defendant-Respondent.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Susan E. Hamm, Assistant District Attorney, for Plaintiff-Relator.
Before MARVIN, C.J., and WILLIAMS and CARAWAY, JJ.
MARVIN, Chief Judge.
In response to the supreme court's order remanding to this court the State's application for supervisory review "for briefing, argument and opinion," the State and the respondent have reiterated their respective positions, pro and con, on the correctness of the trial court's denial, after a hearing, of the State's Prieur motion to admit other crimes evidence.
Having again reviewed pleadings and transcript of the hearing filed in support of the State's motion, we find no error or abuse of discretion in the ruling complained of for these reasons:

DISCUSSION
Blackwell, a high school teacher and track coach, is formally charged with eight counts of carnal knowledge of one of his juvenile students, CR, during March, April and May 1996. After a hearing on the State's first Prieur motion to admit other alleged criminal conduct by Blackwell with CR and with another student, CC, the trial court granted the motion as to CR while denying it as to CC. The State's application for supervisory review of the trial court ruling as to CC was denied by this court because the state failed to show any specific conduct of Blackwell toward CC. The State did not seek further review of this court's ruling. Our docket no. 30,069-KW.
The State then made a second Prieur motion to admit other alleged criminal conduct by Blackwell with other students, AP and MM. In this second Prieur motion, the State again moved to admit Blackwell's conduct with CC that had been alleged in the State's first Prieur motion. After a hearing, the trial court denied the State's second Prieur motion.
For evidence of other crimes to be admissible, the state must prove (1) that the other acts or crimes occurred and were committed by the defendant by clear and convincing evidence; (2) that the other acts fall within one of the exceptions to inadmissibility provided in La. C.E. art. 404(B)(1) [proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident]; and (3) that the probative value of the evidence outweighs its prejudicial effect. State v. Jackson, 625 So.2d 146 (La. 1993).
A trial court's ruling on the admissibility of other crimes evidence will not be *1391 overturned absent an abuse of discretion. State v. Lee, 25,917 (La.App.2d Cir. 5/4/94), 637 So.2d 656.
Here, as in State v. Driggers, 554 So.2d 720, 724 (La.App.2d Cir.1989), the State seeks to present to the jury evidence of defendant's allegedly similar, though not identical, acts with girls other than the alleged victim to show that the defendant took advantage of one-on-one situations with juvenile, female members of his track team, that he was motivated to commit the acts by an unnatural interest in adolescent females, and that the facts giving rise to the instant charges did not occur fortuitously or accidentally but were intended by the defendant.
The State emphasizes that Blackwell used his position to be alone with 15-17-year-old girls at the school track office after school hours, engaging in "helping" them with their athletic skills and "rehabilitating" their respective "injuries" as a subterfuge to make verbal sexual advances and inappropriate "touches."
The State, however, presents no evidence which connects Blackwell's earlier "rehabilitation" of CR's "injury" with her later consent to sexual intercourse with him. CC naively thought Blackwell's "touching" of her during his "rehabilitative" efforts was accidental. Blackwell's conduct with CC and AP, although it may constitute sexual battery, ceased when they impliedly objected to it and recoiled from the touching and did not result in sexual intercourse. MM refused Blackwell's invitations to play one-on-one basketball with him at night and said he never attempted any sexual contact with her.
The State showed in the earlier Prieur hearing that Blackwell took CR to motels, using his wife's credit card to rent a room. The State has not shown that Blackwell proposed or attempted similar conduct with CC, AP and MM.
Impliedly finding the State's evidence of other crimes to be less than clear and convincing, the trial court said the State's "problem" was that the other girls did not consent to intercourse as CR did and that "the pattern is just not established by the State."

CONCLUSION
In this prosecution charging Blackwell's carnal knowledge of CR, the State makes two arguments: that "preparation, plan, opportunity and lustful disposition are the major issues and thus other crimes or acts must be similar but do not have to arise to the level of signature crimes" and "the fact that AP and CC did not allow the touching of the genitalia to develop into a consensual sexual relationship ... does not negate that defendant in the same manner gained access to students under his control for the purpose of having sex with them."
Blackwell's demonstrated "lustful disposition" toward other adolescent girls (his inordinate desire, obsession to proposition them and inappropriately "touch" them and to engage them in sexual intercourse) would be germane to a charge of sexual battery of another adolescent girl. State v. Driggers, supra. Sexual battery includes the element of intent. La. R.S. 14:43.1. Other crimes evidence would be admissible on the State's case in chief to prove such things as motive, preparation, plan and intent, if those things were at issue. C.E. 404(B)(1).
The crime of carnal knowledge of a juvenile is committed when one person of requisite age "has sexual intercourse, with consent, with any person" of the requisite lesser age. It does not contain the element of intent or disposition to commit the crime. La. R.S. 14:80. Motive, preparation, plan and intent [here summarized as lustful disposition] to engage in sexual intercourse with a juvenile simply is not an element of the crime. Lustful disposition is not related "to conduct that is an integral part" of the crime of carnal knowledge of a juvenile [consensual intercourse with the requisite age difference] that would allow introduction of evidence of that disposition in the State's case in chief. C.E. 404(B)(1).
The question of whether the State may introduce evidence of defendant's lustful disposition toward adolescent girls on crossexamination or rebuttal is not before us at this juncture.

*1392 DECREE
Finding no error or abuse of discretion, we affirm the trial court's ruling of which the State complains.