935 So.2d 349 (2006)
STATE of Louisiana, Appellee,
v.
Tommy Lee GIBBS, Appellant.
No. 41,062-KA.
Court of Appeal of Louisiana, Second Circuit.
June 28, 2006.
*350 Louisiana Appellate Project, by Mary Constance Hanes, for Appellant.
William R. Coenen, Jr., District Attorney, Penny Douciere, Kenneth Douglas Wheeler, Assistant District Attorneys, for Appellee.
Before WILLIAMS, STEWART & PEATROSS, JJ.
PEATROSS, J.
Defendant, Tommy Lee Gibbs, was convicted by a jury of possession of a Schedule II CDS, namely cocaine, with intent to distribute, and was sentenced to 25 years' imprisonment at hard labor. Defendant now appeals, assigning as error that the trial court erred in allowing other crimes evidence at trial. For the reasons stated herein, Defendant's conviction and sentence are affirmed.

FACTS
On July 10, 2004, Sgt. Thomas Alexander and Officer Tamario Turner of the Rayville Police Department were on patrol and approached Defendant to question him about a matter unrelated to the instant case. The officers testified that they asked Defendant if "they could talk," at which point Defendant fled on foot. The officers chased Defendant into a ditch, Officer Turner on foot and Sgt. Alexander in the patrol vehicle.
*351 Sgt. Alexander testified that he observed Defendant take an object out of his pocket and drop it on the ground as he jumped into a ditch. Sgt. Alexander explained that the discarded object was a cellophane wrapper from a cigarette package, and he believed the contents of the wrapper to be crack cocaine. Defendant was searched and was found to have $164 in cash and 19 small clear plastic baggies. The contents of the cigarette bag were later confirmed to be 6 rocks of crack cocaine valued at approximately $140.
Defendant was originally charged with simple possession of cocaine, but the charge was later increased to possession with intent to distribute in light of inculpatory statements he made when questioned about an unrelated matter. During questioning, Defendant stated, "I sell drugs to get money to support my habit." On June 27, 2005, a hearing was held, and the trial court denied pre-trial motions presented by Defendant, which included a motion to quash the amended bill of information and a motion to suppress the inculpatory statement, along with other pro se motions.
The State gave Defendant notice of its intention to use "other crimes" evidence involving three counts of distribution of marijuana in 1994. On June 27, 2005, after a hearing, the trial court ruled the "other crimes" evidence was admissible and denied Defendant's motion in limine. For the record, the defense noted its formal objection to the trial court's ruling. On June 29, 2005, a 12-person jury found Defendant guilty as charged. As previously stated, Defendant was sentenced to 25 years at hard labor with credit for time served. A timely motion to reconsider was denied.

DISCUSSION
Assignment of Error Number One (verbatim): The trial court erred in allowing into evidence (in Mr. Gibbs' 2005 trial for possession with intent to sell crack cocaine), over defense counsel's objection, the testimony of undercover officers concerning "other crimes," specifically the defendant's purported sale of marijuana in 1994.
Defendant argues that the trial court erred in allowing the State to introduce evidence of his alleged sale of marijuana in 1994. Defendant further argues that the introduction of "other crimes" was not harmless error under the circumstances of the case.
At trial, Officers Fleming and Wilson testified that they conducted a "controlled buy" operation in 1994 when Defendant sold them small bags of marijuana. Defendant was arrested, but never tried because the physical evidence was lost. Defendant asserts that, since he was never convicted of the alleged offense, the alleged prior acts were inadmissible as the acts did not fall within the exceptions of Article 404(B). He contends that the acts were not near in time to the current offense and was not the sale of the same drug. According to Defendant, therefore, the prior 1994 acts do not show that he intended to sell cocaine in 2004. Defendant further asserts that the probative value of the evidence did not outweigh the prejudicial effect and the trial court erred in allowing the evidence at trial.
Defendant argues, by extension, that the guilty verdict was attributable to the introduction of the alleged 1994 sales as evidence, and, therefore, its admission does not constitute harmless error. Defendant asserts that there was hardly any evidence that he had any intent to sell the cocaine he possessed at the time of arrest. According to Defendant, the alleged inculpatory statement about selling drugs was vague and would not insure a jury's finding on the intent to sell.
*352 The State argues that Officer Fleming had a clear recollection of the circumstances surrounding Defendant's previous arrest and that the case was not tried due to the loss of the marijuana, not because of Defendant's innocence. The State contends that the purpose, namely Defendant's intent to distribute, was proved to the trial court's satisfaction at the hearing and at trial.
The State cites State v. House, 325 So.2d 222 (La.1975); and State v. Moore, 40,311 (La.App.2d Cir.1/13/06), 920 So.2d 334, for the factors to be considered by the trier of fact when determining an individual's intent to sell or distribute: (1) packaging in a form usually associated with distribution; (2) evidence of other sales or attempted sales by the defendant; (3) a large amount or quantity of the drug such as to create an inference of intent to distribute; (4) expert or other testimony that the amount was inconsistent with personal use; and (5) the existence of any paraphernalia, such as baggies or scales, evidencing an intent to distribute.
The State cites a number of other cases where evidence of past sales of drugs have been held admissible at trial for a subsequent offense to prove the element of the intent to sell. See State v. Davis, 05-543 (La.App. 3d Cir.12/30/05), 918 So.2d 1186; and State v. Lee, 25,917 (La.App.2d Cir.5/4/94), 637 So.2d 656, writ denied, 94-1451 (La.10/7/94), 644 So.2d 631. Defendant suggests that these cases are distinguishable due to the different narcotic sold in the previous offenses; however, the State bolsters its reliance on these cases by pointing out that Defendant admitted selling "drugs," not just cocaine, to support his habit.
The State further asserts that the fact Defendant was not convicted of the 1994 charges does not automatically mean that the prior act cannot be used as other crimes evidence at trial. There is no requirement that the State have obtained a conviction for other crimes evidence to be admissible. In the case sub judice, the State explains that, through the testimony of Officers Fleming and Wilson, the marijuana distribution was proven by clear and convincing evidence. Furthermore, the State points out that the court instructed the jury on the limited purpose of this evidence.
Finally, the State asserts that, in the event that the introduction of the "other crimes" was erroneous, such error was harmless. There were several factors and other evidence of Defendant's intent to sell the drugs in his possession; and, therefore, the State contends that Defendant's conviction should be upheld. We agree with the State.
Louisiana Code of Evidence Article 404 states, in pertinent part, that:
B. Other crimes, wrongs, or acts.
(1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
For evidence of other crimes to be admissible, the state must prove with clear and convincing evidence (1) that the other acts or crimes occurred and were committed *353 by the defendant, (2) that the other acts satisfy one of the requirements of La. C.E. art. 404 B(1) [motive, intent, knowledge, identity, absence of mistake or accident], and (3) that the probative value of the evidence outweighs its prejudicial effect. State v. Baker, 39,696 (La.App.2d Cir.5/11/05), 902 So.2d 1247, writ denied, 05-2055 (La.4/28/06), 927 So.2d 281.
A trial court's ruling on the admissibility of evidence of other crimes will not be overturned absent an abuse of discretion. State v. Scales, 93-2003 (La.5/22/95), 655 So.2d 1326, cert. denied, 516 U.S. 1050, 116 S.Ct. 716, 133 L.Ed.2d 670 (1996); State v. Blackwell, 30,281 (La.App.2d Cir.11/10/97), 701 So.2d 1389, writ denied, 97-3073 (La.2/13/98), 709 So.2d 755.
Generally, evidence of other crimes committed by the defendant is inadmissible due to the "substantial risk of grave prejudice to the defendant." State v. Prieur, 277 So.2d 126 (La.1973). Pursuant to La. C.E. art. 404(B)(1), evidence of other crimes, wrongs or acts are generally not admissible to prove character. The article, however, provides for exceptions to this rule, which include admission for the purposes of proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident or when the evidence relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
In the instant case, the trial court held a Prieur hearing to determine the admissibility of the "other crimes" evidence the State sought to introduce. In accordance with La. C.E. art. 404(B), adequate notice of the State's intent to use "other crimes" was provided. At the hearing, the trial court heard testimony from Officer Fleming, who conducted the undercover operation targeting Defendant in March 1994. After several drug transactions where Defendant sold small bags of marijuana to the undercover agents, Defendant was charged with three counts of distribution of marijuana. Officer Fleming identified Defendant at the hearing and explained that, since the drug evidence was lost, Defendant was never convicted. The trial court subsequently ruled the "other crimes" evidence was admissible.
At trial, in addition to Officer Fleming's testimony, Deputy Wilson, one of the undercover agents from the 1994 drug transaction at issue, testified to the same sequence of events leading to Defendant's arrest. Both officers identified Defendant as the same person involved with the other crime and noted that, at the time of the prior arrest, Defendant's arm was in a cast and in a sling. We conclude that the testimony provided by the State was clear and convincing evidence that the other crime was committed by Defendant and that Defendant's intent with the prior drugs establishes the same with the instant offense. We further find no error in the trial court's determination that the probative value of the evidence outweighed the prejudicial effects.
During closing arguments, defense counsel and the district attorney addressed the limited purpose of "other crimes" evidence. Furthermore, the trial court instructed the jury as follows:
[e]vidence that Defendant was involved in the commission of an offense other than the offense for which he is on trial is to be considered only for a limited purpose. The sole purpose for which such evidence may be considered is whether it tends to show guilty knowledge, intent, system, motive, or identity.
The jury instructions provided a safeguard for allowing the "other crimes" as evidence. For these reasons, we conclude *354 that the admission of the other crimes evidence was not erroneous.
Assuming, arguendo, that the other crimes evidence was erroneously admitted, we conclude that its admission was harmless error as there was ample evidence to find Defendant guilty of the charged offense. Harmless error analysis begins with the premise that the evidence is otherwise sufficient to sustain the conviction if viewed from the perspective of a rational fact finder and asks whether beyond a reasonable doubt the error could not have contributed to the verdict actually returned by the defendant's jury. State v. Haddad, 99-1272 (La.2/29/00), 767 So.2d 682, cert. denied, 531 U.S. 1070, 121 S.Ct. 757, 148 L.Ed.2d 660 (2001); State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94. The inquiry, in other words, is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error. Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).
In the case sub judice, Defendant was in possession of 6 rocks of cocaine, 19 small baggies and $164 in cash. Sgt. Alexander, admitted as an expert, testified as to the significance of the amount of money, the size and amount of the rocks of cocaine and the purpose of the little baggies Defendant had at the time of his arrest. Sgt. Alexander further testified that all of these items were consistent with the intent to distribute and not for personal use.
Furthermore, when Defendant was questioned by Officer Ken Sanders about an unrelated matter, he made the statement, "I sell drugs to get money to support my habit." This statement was documented, confirmed by Officer Sanders and signed by Defendant. Prior to being questioned, Defendant had been properly Mirandized, and Officer Sanders testified that Defendant did not seem confused and that he was cooperative. In light of the other evidence produced at trial, the guilty verdict actually rendered in this trial was unattributable to the error.

CONCLUSION
For the foregoing reasons, the conviction and sentence of Defendant, Tommy Lee Gibbs, are affirmed.
AFFIRMED.