# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-KA-00194-SCT

*STEVEN LEE BOGGS a/k/a LEE BOGGS*

*v.*

*STATE OF MISSISSIPPI*


| | |
|---|---|
| DATE OF JUDGMENT: | 11/07/2013 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| TRIAL COURT ATTORNEYS: | JACQUELINE PERNELL |
| | DEWEY ARTHUR |
| | MARTY MILLER |
| | EDWARD RAINER |
| | GARY WILLIAMS |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | GARY LEE WILLIAMS |
| | J. EDWARD RAINER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LAURA HOGAN TEDDER |
| DISTRICT ATTORNEY: | MICHAEL GUEST |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 04/07/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE WALLER, C.J., KITCHENS AND COLEMAN, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Steven Lee Boggs appeals his conviction for one count of gratification of lust, arguing that the trial court erred in allowing the State to present improper character evidence. Finding no error, we affirm Boggs's conviction.

**FACTS & PROCEDURAL HISTORY**

¶2.     This case arises out of Boggs's interactions with three minor victims, K.E., S.S. and D.N.,[1] between the summer of 2009 and the summer of 2010.  K.E. and S.S. were between the ages of ten and eleven during the time of the incidents that led to the indictment in this case, while D.N. was between the ages of eight and nine.  Boggs is a cousin of K.E. and D.N.  Boggs's wife Becky and S.S.'s mother Amanda Stocks worked together at McLaurin Elementary School during the time in question.  Amanda and Becky would work at the school during the summers, and they would take K.E. and S.S. with them.  Boggs often would come to school with his wife to do various work projects and look after K.E. and S.S.  Boggs also tutored K.E. after school during the time in question, and he took care of K.E. and D.N. while other adults were around on at least one occasion during the time in question.

¶3.     The indictment in the instant case originally included separate charges concerning Boggs's misconduct toward S.S. and K.E.  However, the charge involving S.S. was dismissed on statute-of-limitations grounds prior to trial.  Thus, Boggs was tried only for his misconduct toward K.E. in the instant case.  Boggs was charged by a separate indictment for an offense involving D.N., but an order *nolle prosequi* was entered on that indictment in 2011, before the indictment in the instant case was issued.  S.S. and D.N. testified for the State in support of Bogg's conviction for his misconduct against K.E.

---

[1] The minor victims in this case will be referred to by their initials to protect their identities.

¶4. On July 5, 2012, a Rankin County Sheriff's Department deputy served Boggs with a no-contact order regarding K.E., a minor female cousin of Boggs.[2] Boggs's wife Becky went to K.E.'s house to talk to K.E.'s parents about the order. K.E. appeared withdrawn and did not want to talk in front of everyone. K.E.'s mother took K.E. out to the back porch of the house and talked to her alone. K.E. then disclosed that Boggs had sexually abused her on several occasions between the summer of 2009 and the summer of 2010. K.E. stated that, during the summer of 2009, Boggs had exposed his penis in front of her and S.S., a minor female unrelated to Boggs, in the library of McLaurin Elementary School. She also alleged that, during her fourth-grade year, between the summer of 2009 and the summer of 2010, Boggs would pick her up from school and tutor her at his house. During these tutoring sessions, Boggs would touch K.E.'s vagina and expose his penis in front of her. On July 6, 2012, the day after K.E. made these allegations, her mother took her to the Rankin County Sheriff's Department to give a statement to the police.

¶5. On October 11, 2012, a Rankin County grand jury indicted Boggs with one count of gratification of lust against K.E. and one count of attempted gratification of lust against S.S. As mentioned above, the charge involving S.S. was dismissed on statute-of-limitations grounds. Prior to trial, the State filed a notice of intent to use the testimony of D.N., a cousin of Boggs and K.E., during its case-in-chief as evidence of Boggs's prior bad acts "to prove motive, intent, knowledge and absence of mistake or accident." After holding a

_____

[2] The order is not in the record. However, the testimony at trial indicates that the order arose from the allegations of S.S., another minor female, to law enforcement officials on June 21, 2012, which will be discussed in Issue I of this opinion.

3

hearing and taking the matter under advisement, the trial court ultimately granted the State's request to admit D.N.'s testimony under Mississippi Rule of Evidence 404(b).

¶6. Boggs's trial commenced on November 4, 2013. Before the parties began their opening statements, the State moved to admit the testimony of S.S. under Rule 404(b), as S.S.'s allegations no longer formed a charge in the indictment. The trial court granted the State's motion over Boggs's objection.

¶7. At trial, K.E. testified concerning Boggs's misconduct. On cross-examination, she admitted that she had visited Boggs's attorney's office with her mother in the summer of 2010 and had given a statement[3] in which she claimed that Boggs had never ever done anything sexually inappropriate with her. K.E. testified that she had lied during this statement because she believed she would be isolated from the rest of her family if she came forward with her allegations. K.E.'s mother confirmed that D.N.'s prior allegations had caused a rift in their family and that she originally had "taken sides" with Boggs before learning of K.E.'s allegations. K.E. also testified that she had not seen D.N. since D.N. had disclosed Boggs's misconduct.

¶8. Boggs testified in his own defense and denied any wrongdoing. At the conclusion of trial, the jury found Boggs guilty as charged, and the trial court sentenced him to serve fifteen years in the custody of the Mississippi Department of Corrections. On appeal, Boggs argues that the trial court erred in allowing D.N. and S.S. to testify regarding Boggs's prior

---

[3] Boggs's attorney audio-recorded and transcribed K.E.'s statement, which was not made under oath nor made under any judicial process. Boggs was not allowed to admit the audio-recorded statement or the transcript into evidence at trial. However, he was allowed to question K.E. at length about the statement.

4

acts of sexual misconduct against them. Alternatively, he argues that the trial court failed to give the jury a proper limiting instruction on evidence admitted under Rule 404(b). Finally, he claims that the trial court erred in finding that the testimony of S.S.'s mother Amanda Stocks and Brandi Ray, a forensic interviewer, concerning the minor victims' allegations of abuse was admissible under the "tender years" exception to hearsay in Mississippi Rule of Evidence 803(25).

## STANDARD OF REVIEW

¶9. This Court reviews the admission of evidence under the abuse-of-discretion standard. *Smith v. State*, 136 So. 3d 424, 431 (Miss. 2014) (citing *Young v. Guild*, 7 So. 3d 251, 262 (Miss. 2009)). "Evidentiary rulings are affirmed unless they affect a substantial right of the complaining party." *Sewell v. State*, 721 So. 2d 129, 138 (Miss. 1998) (citing *Ivy v. State*, 641 So. 2d 15, 18 (Miss. 1994)). This Court also reviews issues concerning jury instructions for an abuse of discretion. *Victory v. State*, 83 So. 3d 370, 373 (Miss. 2012).

## DISCUSSION

I. **Whether the trial court erred in allowing D.N. and S.S. to testify about other allegations of Boggs's sexual misconduct.**

¶10. At trial, the State sought to offer evidence of other allegations of Boggs's sexual misconduct involving other minors through the testimony of D.N. and S.S. D.N. alleged that Boggs had touched her vagina while they were at a family member's pool during the summer of 2010.[4] K.E. was present when this incident occurred. S.S. alleged that Boggs

---

[4] Criminal charges were brought against Boggs based on D.N.'s allegations, but an order *nolle prosequi* was entered on those charges in 2011.

had exposed his penis in front of her and K.E. in the McLaurin Elementary School library in the summer of 2009. S.S. also claimed that Boggs had asked her to lift her shirt while they were riding in Boggs's truck on one occasion during the same summer. D.N. and S.S. were around the same age when these incidents happened, and they both stated that Boggs warned them not to tell anyone about his conduct. The State argued that the testimony of D.N. and S.S. would be offered as proof of motive, common plan or scheme, and absence of mistake under Rule 404(b). Boggs objected to the admission of this testimony, claiming that the testimony of S.S. and D.N. did not fit within any of the above-permitted uses. He also argued that the probative value of this testimony was substantially outweighed by the danger of confusing or misleading the jury with extraneous allegations outside the charge in the indictment. After considering the parties' arguments, the trial court, citing *Gore v. State*, 37 So. 3d 1178, 1186 (Miss. 2010), found the testimony of D.N. and S.S. to be admissible under Rule 404. The trial court also found under Rule 403 that the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice. On appeal, Boggs argues that the trial court erred in allowing S.S. and D.N. to testify concerning instances of sexual misconduct that were not alleged in the indictment.

¶11. Rule 404 generally prohibits the admission of evidence of a person's character for the purpose of proving that he or she acted in conformity with that character on a particular occasion. Miss. R. Evid. 404(a). Evidence of "other crimes, wrongs or acts" is inadmissible as character evidence, but it may be admitted for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

6

accident." Miss. R. Evid. 404(b). The purposes listed in Rule 404(b) are not exhaustive; they simply are examples of noncharacter purposes for which evidence of other crimes, wrongs, or acts may be admitted. *Green v. State*, 89 So. 3d 543, 549 n.12 (Miss. 2012).

¶12. Prior to 2008, evidence of a defendant's sexual misconduct involving other minor victims was considered to be so prejudicial as to be per se inadmissible, even if such evidence was offered for a permissible noncharacter purpose under Rule 404(b). *See, e.g., Mitchell v. State*, 539 So. 2d 1366, 1372 (Miss. 1989), *overruled by Dereouen v. State*, 994 So. 2d 748 (Miss. 2008). However, in *Dereouen*, this Court explicitly overruled *Mitchell* and its progeny, holding that evidence of other sexual misconduct, "if properly admitted under Rule 404(b), filtered through Rule 403, and accompanied by an appropriately-drafted limiting or cautionary instruction to the jury, should not be considered per se error." *Dereouen*, 994 So. 2d at 756.

¶13. Since *Dereouen* was decided, this Court has had several occasions to clarify its analysis of the application of Rule 404(b) in sex-crime cases involving minor victims. For example, in *Gore*, the case relied upon by the trial court here, the defendant was charged with gratification of lust by engaging in sexual activity with his minor granddaughter. *Gore*, 37 So. 3d at 1180. At trial, the State sought to admit testimony from the defendant's children that he had molested them when they were minors. *Id.* at 1183-84. The trial court found this testimony admissible under Rules 404(b) and 403 and gave a limiting instruction to the jury, as required by *Dereouen*. *Id.* at 1184. On appeal, the defendant argued that the evidence of other bad acts elicited by the State at trial was remote in time, irrelevant, and

unduly prejudicial. *Id.* at 1185. This Court rejected the defendant's argument, holding that the evidence in question was admissible under Rule 404(b) because it demonstrated that the "defendant's means of accomplishing [pedophilic sexual activities] on past occasions bear substantial resemblance to each other and with the present offense," which served as proof of motive and a common plan or scheme. *Id.* at 1186 (quoting *State v. Driggers*, 554 So. 2d 720, 726 (La. Ct. App. 1989)).

¶14. This Court later reaffirmed its decision in *Gore* by holding that "overwhelming similarities" between prior instances of sexual misconduct and the charged offense "undeniably bring the testimony of these other victims within the purview of admissibility under Rule 404(b)." *Green*, 89 So. 3d at 550. In *Green*, the defendant was charged with gratification of lust and sexual battery arising out of the sexual abuse of his minor stepdaughter. *Id.* at 545. At trial, the State offered testimony from four other female witnesses who also were related to the defendant. *Id.* 546. These witnesses alleged that the defendant had abused them in a similar manner when they were near the age of puberty, around the same age as the victim. *Id.* The trial court, following this Court's holding in *Dereouen*, admitted the evidence under Rules 404(b) and 403 and gave a limiting instruction to the jury. *Id.* With respect to Rule 403, the trial court found, "the more people you have, the more prejudicial it is, *but* the more people you have, . . . the more likely it is that it is a reliable indicator of a pattern or plan." *Id.* at 548 (emphasis in original). This Court affirmed the trial court's decision on appeal, finding that "evidence of this 'similar misconduct . . . support[s] an inference . . . of a common plan, scheme, or system[,]'

8

utiltized 'repeatedly to perpetrate separate but very similar crimes.'" *Id.* at 550 n.19 (quoting *People v. Sabin*, 614 N.W.2d 888, 899-900 (Mich. 2000) (internal citations omitted)). The *Green* Court also held that "the mere fact that evidence offered for noncharacter purpose(s) bears some reflection on the defendant's character does not bar its admissibility under Rule 404(b)" but must be considered by the trial court under Rule 403. *Id.* at 551.

¶15.   In the instant case, this Court must decide whether the allegations of D.N. and S.S. bear a substantial resemblance to the offense charged as to be admissible under Rule 404(b). Boggs first argues that the record is unclear whether the allegations of S.S. and D.N. occurred prior to the charge alleged in the indictment.  This argument is without merit, as it is immaterial whether evidence of other acts admitted under Rule 404(b) occurred prior to or after the charged offense. *Leedom v. State*, 796 So. 2d 1010, 1015 (Miss. 2001). While members of the bench and bar commonly refer to evidence admitted under 404(b) as "prior bad acts evidence," we stress that Rule 404(b) itself does not use the term "prior," but allows the admission of evidence of "*other* crimes, wrongs or acts." Miss. R. Evid. 404(b) (emphasis added).

¶16.   Boggs also argues that some of the purposes listed in Rule 404(b), such as opportunity, intent, and absence of mistake, were not at issue in this case and should not have been presented to the jury.  This Court previously has held that, where a noncharacter purpose under Rule 404(b) is not contested or otherwise made material at trial, "prior-bad-acts evidence may not be admitted for that purpose." *Cole v. State*, 126 So. 3d 880, 885 (Miss. 2013) (citing *Mitchell v. State*, 110 So. 3d 732, 734 (Miss. 2013)).  However, where

9

the State offers a relevant noncharacter purpose for admitting evidence, "the fact that other alternative purposes are argued is irrelevant, because Rule 404(b) requires only that the evidence not be offered for the purpose of showing that the defendant acted in conformity with his bad behavior." *Cole*, 126 So. 3d at 885-86. Here, the State argued that the testimony in question was admissible to show a common plan or scheme by Boggs. We find that K.E.'s and D.N.'s testimony fits within this purpose and also serves as proof of motive.

¶17. D.N.'s allegations in particular bear a striking resemblance to the charged offense. Both D.N. and K.E. are related to Boggs, and they were around the same age when Boggs abused them. Boggs used his relationship of trust as a family member and caretaker for both D.N. and K.E. to be alone with them. In fact, K.E. was present on the day Boggs abused D.N. While S.S. is not related to K.E., her testimony both corroborated K.E.'s allegations of Bogg's prior inappropriate behavior and served as additional evidence of his scheme to engage in sexual contact with young girls. K.E.'s and S.S.'s testimony concerning Boggs's conduct in the McLaurin Elementary School library are substantially similar. Boggs took measures to be alone with S.S., just as he did with D.N. and K.E. Finally, he told all three girls that they could not tell anyone about his misconduct. Thus, the testimony of D.N. and S.S. establishes a common plan or scheme.

¶18. The testimony in question also was admissible to prove Boggs's motive, which "involves '[a]n impulse, as an emotion, desire, or psychological need, acting as incitement to action.'" *Green*, 89 So. 3d at 550 n.19 (quoting *Webster's II New College Dictionary* at 715). As the *Gore* Court held, "seemingly uncontrollable desire to partake in pedophilic

sexual activities with young and developing female juveniles" is probative regarding motive. *Gore*, 37 So. 3d at 1186 (quoting *Driggers*, 554 So. 2d at 726)). The substantial similarities between K.E.'s allegations and Boggs's inappropriate conduct with other minor victims clearly show that D.N.'s and S.S.'s testimony was admissible under Rule 404(b). *Green*, 89 So. 3d at 550.

¶19. Admissibility under Rule 404(b) is not the end of this Court's inquiry, though. This Court held in *Dereouen* that evidence admitted under Rule 404(b) must be "filtered through Rule 403," and Boggs argues that probative value of the testimony at issue is substantially outweighed by its prejudicial effect. Rule 403 gives the trial court the discretion to prevent the admission of otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Miss. R. Evid. 403. Of course, the plain language of Rule 403 indicates that the exclusion of evidence under this rule is permissive. "[E]ven when the trial court determines under Rule 403 that prejudice substantially outweighs the probative value of particular evidence, it remains within the trial court's discretion to determine whether to exclude the evidence, since Rule 403 does not mandate such an exclusion[.]" *Baldwin v. State*, 784 So. 2d 148, 156 (Miss. 2001) (citing *Foster v. State*, 508 So. 2d 1111, 1117-18 (Miss. 1987), *overruled on other grounds by Powell v. State*, 806 So. 2d 1069, 1080 (Miss. 2001)). Here, the trial court clearly concluded that the testimony of S.S. and D.N. established a common plan or scheme by Boggs to use his position of trust to take advantage

11

of young girls and found that this probative value was not outweighed by the risk of unfair prejudice to Boggs. The testimony of S.S. and D.N. was prejudicial to Boggs only to the extent that it established his plan and motive for abusing K.E. And because the jury was instructed that it could consider this testimony only for specific purposes, we find no danger of jury confusion. In sum, we hold that the trial court did not abuse its discretion in finding that the testimony at issue was admissible under Rule 403.

**II.** **Whether the trial court gave a proper limiting instruction concerning the testimony admitted under Rule 404(b).**

¶20. Boggs did not request that a limiting instruction be given prior to K.E.'s testimony. However, later in the trial, prior to D.N. taking the stand, Boggs requested that the trial court give the jury a limiting instruction explaining the purposes for which the jury could consider D.N.'s testimony. The State had no objection to the giving of a limiting instruction prior to D.N.'s testimony and offered a limiting instruction which tracked the language of Rule 404. Boggs objected to the State's proffered instruction, arguing that a proper limiting instruction must list only the specific purposes for which the evidence was being admitted. The trial court ultimately gave the following instruction prior to D.N.'s testimony and again at the conclusion of trial:

> The court instructs the jury that the acts testified about concerning [D.N.] and [S.S.] are acts relating to the charges for which defendant is not presently on trial and are to be considered only for the limited purpose of showing proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. You cannot and must not simply infer that the defendant acted in conformity with his previous acts and that he is therefore guilty of the charge for which he is presently on trial.

On appeal, Boggs argues that the trial court's limiting instruction was in error.

¶21. In cases in which evidence has been admitted pursuant to Rule 404(b), the trial court must give an instruction to the jury explaining the limited purposes for which that evidence may be considered. *Dereouen*, 994 So. 2d at 756. This Court has held that it is preferable for this limiting instruction to be given at the introduction of the evidence at issue and then again in the final jury instructions. *Leedom*, 796 So. 2d at 1017. However, where the defendant fails to request such an instruction at the introduction of the evidence, the trial court will not be held in error for giving the instruction only at the close of trial. *Id.* In *Gore*, this Court approved the following limiting instruction on Rule 404(b) evidence:

> [t]he [c]ourt instructs the jury that acts testified to by [Daniel] and [Katie] are acts relating to charges for which the defendant is not presently on trial and are to be considered only for the limited purpose of showing proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. You cannot and must not simply infer that the defendant acted in conformity with his previous acts and that he is therefore guilty of the charge for which he is presently on trial.

*Gore*, 37 So. 3d at 1184. However, in *Cole v. State*, 126 So. 3d 880, 886 (Miss. 2013), this Court gave the following admonishment regarding limiting instructions under Rule 404(b):

> We take this opportunity to note that it would be a rare case in which every one of Rule 404's examples of alternative purposes applied. We admonish prosecutors to refrain from offering prior-bad-acts evidence based on a rote recitation, such as: "the State is not offering the prior bad acts as character evidence to show the defendant acted in conformity with his character, but the State is attempting to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Instead, prosecutors should clearly present the alternative purpose for the evidence, and trial judges should state the purpose for which the evidence is being admitted, and then provide the jury with an appropriate limiting instruction. Only then can we provide a fair review on appeal.

13

The **Cole** Court ultimately affirmed the defendant's conviction for gratification of lust, finding that "the State articulated a legitimate, alternative evidentiary purpose for Cole's prior bad acts" and that "the trial court gave proper instructions on the purpose for which the jury could not consider the evidence." **Id.** Boggs argues that the trial court committed reversible error by giving a limiting instruction that does not comply with this Court's admonishment in **Cole**.

¶22.    We find that Boggs's argument is without merit. At the outset, we note that **Cole** was pending on rehearing before this Court when the jury issued its verdict in the instant case, so the trial court rightfully found that it could not rely on **Cole** as binding authority. *See* ***Miss. Transp. Comm'n ex rel. Moore v. Allday***, 726 So. 2d 563, 566 (Miss. 1998) ("[A]s a general matter, an opinion of this Court should not be considered final until the parties and this State's bar have had an opportunity to respond to the opinion."). But regardless of this fact, **Cole** does not overrule **Gore** or any of this Court's other previous decisions approving the exact instruction given in this case. While it may have been a better practice for the trial court in this case to limit the language of the instruction to the purposes for which the State had offered the evidence, we will not find error if the instructions actually given "fairly, though not perfectly, announce the applicable rules of law." ***Clark v. State***, 40 So. 3d 531, 544 (Miss. 2010). Rule 404(b) forbids the admission of evidence of other crimes, wrongs, or acts for the purpose of "prov[ing] the character of a person in order to show that he acted in conformity therewith," and the jury in this case was instructed as such. Miss. R. Evid.

404(b). Therefore, we hold that the trial court did not commit reversible error in giving the limiting instruction as written.

### III. Whether the trial court erred in admitting testimony under the tender-years exception to hearsay in Rule 803(25).

¶23. At trial, S.S.'s mother Amanda Stocks testified concerning S.S.'s disclosure of of Boggs's sexual misconduct. Brandi Ray, a forensic interviewer with the Mississippi Community Education Center, testified concerning her interview with D.N. after she had disclosed Boggs's abuse. Boggs argues that the trial court erred in finding that the testimony of Amanda Stocks and Brandi Ray was admissible under the tender-years exception to hearsay. Boggs cites no authority supporting this argument. A party's failure to cite any authority in support of an argument precludes this Court from addressing that argument on appeal. *Grey v. Grey*, 638 So. 2d 488, 491 (Miss. 1994) (citations omitted). Moreover, Boggs's argument under this issue has nothing to do with admissibility of evidence under Rule 803(25) but is a mere restatement of his previous argument that the trial court erred in allowing the State to admit evidence of other instances of his sexual misconduct. He essentially claims that the trial court erroneously allowed Amanda Stocks and Brandi Ray to testify without identifying a noncharacter purpose for the testimony under Rule 404(b). But the State clearly articulated that the testimony of D.N. and S.S. would be used to prove a common plan and motive by Boggs. Boggs's argument is both procedurally barred and without merit.

### IV. Whether the effect of cumulative error requires reversal.

15

¶24. In his final assignment of error, Boggs argues that the cumulative affect of the numerous alleged errors in his trial requires the reversal of his conviction. He makes general allegations regarding the trial court's evidentiary rulings without pointing out any individual errors described above. It is true that "individual errors, which are not reversible in themselves, may combine with other errors to make up reversible error, where the cumulative effect of all errors deprives the defendant of a fundamentally fair trial." *Ross v. State*, 954 So. 2d 968, 1018 (Miss. 2007). But where there is no individual error, there can be no cumulative error. Thus, this argument is without merit.

**CONCLUSION**

¶25. For the foregoing reasons, we affirm Boggs's conviction and sentence.

¶26. **COUNT II: CONVICTION OF GRATIFICATION OF LUST AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. THE APPELLANT IS TO REGISTER AS A SEX OFFENDER. APPELLANT SHALL PAY COURT COSTS, FEES AND ASSESSMENTS IN THE AMOUNT OF $831.50 AND A FINE IN THE AMOUNT OF $1,000 OUT OF APPELLANT'S CASH BOND ON DEPOSIT WITH THE CIRCUIT CLERK OF RANKIN COUNTY. APPELLANT SHALL RECEIVE CREDIT FOR TIME SERVED IN PRETRIAL DETAINMENT AGAINST THIS SENTENCE.**

**RANDOLPH, P.J., LAMAR, KITCHENS, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR. DICKINSON, P.J., CONCURS IN PART AND IN RESULT WITH SEPARATE WRITTEN OPINION JOINED BY KING, J.**

**DICKINSON, PRESIDING JUSTICE, CONCURRING IN PART AND IN RESULT:**

¶27. I agree that the circuit judge properly admitted evidence of Boggs's inappropriate conduct towards D.N. and S.S. under Mississippi Rule of Evidence 404(b) because the striking similarity between that conduct and the charged offense made those acts relevant

16

to prove that Boggs operated with a common plan or scheme. I do not agree, however, with the majority's continued insistence on allowing the admission of propensity evidence that has been mislabeled as "motive." I also believe that by failing to tailor the limiting instruction to the purposes for which he admitted this evidence, the circuit judge erred. But because that failure did not affect a substantial right of the party, I join the majority's decision to affirm.

### Other Acts as Proof of Motive

¶28. Mississippi Rule of Evidence 404(a) states that "[e]vidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion." This is forbidden "propensity" evidence. But in sex-crime cases, this Court often allows prosecutors to do exactly that—prove the defendant committed a sex crime because he is the kind of person who commits sex crimes. This is accomplished by improperly characterizing the evidence as motive under Mississippi Rule of Evidence 404(b).[5]

¶29. Motive means evidence probative to show why the defendant may have committed the crime at issue. For instance, a defendant who defaulted on a large loan would have a motive to steal. Evidence that the accused had stolen in the past provides no evidence of a motive to steal again. This is exactly the kind of propensity evidence Rule 404(a) prohibits.

---

[5] *Gore v. State*, 37 So. 3d 1178, 1186 (Miss. 2010) (quoting *State v. Driggers*, 554 So. 2d 720, 726 (La. Ct. App. 1989)).

17

¶30. The majority provides surprising confirmation that it intends to allow propensity evidence in sex crimes by stating that prior acts of sexual misconduct evidence a "'seemingly uncontrollable desire to partake in pedophilic sexual activities with young and developing female juveniles.'" But rather than calling it what it is—propensity evidence—the majority labels it "motive."[6]

¶31. The fact that Boggs may have committed prior acts of sexual misconduct says nothing about his motive to commit the charged act. Rather, it showed that he was the type of person who would commit such an act. This was propensity evidence. That said, I agree with the majority's conclusion that the evidence was properly admitted to prove that Boggs operated with a common scheme or plan.

### *The Limiting Instruction*

¶32. The trial judge improperly instructed the jurors that they could consider Boggs's prior sexual misconduct for all of the enumerated purposes in Rule 404(b). But, Mississippi Rule of Evidence 105 states:

> If the court admits evidence that is admissible against a party or for a purpose--but not against another party or for another purpose--the court, unless expressly waived or rebutted, shall restrict the evidence to its proper scope, contemporaneously instruct the jury accordingly, and give a written instruction if requested.

¶33. Here, the judge not only failed to comply with Rule 105 but expressly allowed the jurors to consider the evidence for all the purposes under Rule 404(b), including motive. While the judge properly admitted the evidence of acts involving D.N. and S.S. to prove a

---

[6] Maj. Op. at ¶ 18 (quoting *Gore*, 37 So. 3d at 1186).

18

common plan or scheme, he improperly instructed the jury that it could use that evidence for the other purposes. Rule 105 specifically requires that the instruction "restrict the evidence to its proper scope." Our opinion in **Cole v. State** simply reiterated this point:

> We admonish prosecutors to refrain from offering prior-bad-acts evidence based on a rote recitation, such as: "the State is not offering the prior bad acts as character evidence to show the defendant acted in conformity with his character, but the State is attempting to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Instead, prosecutors should clearly present the alternative purpose for the evidence, and trial judges should state the purpose for which the evidence is being admitted, and then provide the jury an appropriate limiting instruction.[7]

¶34.    So I believe the judge committed error by failing to provide a sufficiently tailored limiting instruction. That said, Mississippi Rule of Evidence 103 provides that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." Because I believe the evidence was properly before the jury, and the trial judge gave a limiting instruction informing the jury that it could "not simply infer that the defendant acted in conformity with his previous acts," I do not believe a substantial right was affected. So I join the majority's decision to affirm.

**KING, J., JOINS THIS OPINION**.

---

[7] **Cole v. State**, 126 So. 3d 880, 886 (Miss. 2013).