GRIFFIS, P.J.,
DISSENTING:
¶ 62. Because I do not' find the circuit court abused its discretion regarding the admissibility of the evidence, nor do I find White was denied due process or a fair trial as a result of prosecutorial misconduct, I respectfully dissent.

Social-Media Posts

¶ 63. The majority concludes it was reversible error to deny White the opportunity to authenticate the social-media posts. The majority makes this conclusion while admittedly declining “to delve into the merits of the various evidentiary arguments.” However, it is the “various eviden-tiary arguments” that support the circuit court’s ruling.
¶ 64. “Mississippi Rule of Evidence 901 governs the requirements of authentication of evidence.” Smith v. State, 136 So.3d 424, 432 (¶ 18) (Miss. 2014). “[T]he authentication requirement is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.” Id. (citing M.R.E. 901(a)). “A party must make a prima facie showing of authenticity.” Id. “Because .of special concerns regarding fabrication, the fact that an electronic communication on its face purports to originate from a certain person’s social networking account is generally insufficient standing alone to authenticate that person as the author of the communications.” Id. at (¶ 20).
¶ 65. White provided the circuit court copies of the social-media posts. He failed to offer sufficient evidence that the social-media posts were made by MM or that the account was actually hers. When the circuit court voiced its concern over the authenticity, defense counsel stated, “She’s got her name and photograph there.” However, “[t]he ease with which defendants and alleged victims alike could fabricate a social media account to corroborate *913 a story necessitates more than a simple name and photograph to sufficiently link the communication to the purported author under Rule 901.” Id. at (¶ 21). As White failed to provide sufficient evidence to support a finding that the social-media posts were what he claimed, the circuit court- did not abuse its discretion by excluding them.
. ¶ 66. Additionally, the evidence White sought to introduce centered around MM’s sexual orientation and sexual behavior. Pursuant to Mississippi Rule of Evidence 412(a), “reputation or opinion evidence .of the past sexual behavior of an alleged victim of such sexual offense is not admissible.” Evidence of MM’s sexual orientation and sexual behavior, and the family turmoil that occurred as a result of such behavior, is exactly the reputation or opinion evidence that Rule 412(a) excludes. As MM’s prior sexual behavior was irrelevant, the social-media posts were properly excluded.
¶ 67. The majority finds the social-media posts are significant to White’s defense. I disagree. White’s defense is that MM lied about the allegations charged in the indictment. White sought the introduction of the social-media posts as evidence of MM’s motive to lie. However, during cross-examination, MM admitted that she has had trouble in the past being truthful, that she sometimes tells lies, and that her lies have been a problem with her family. Thus, the circuit court’s exclusion of the social-media posts as evidence of MM’s motive to lie did not prevent White from presenting his theory of the defense that she does in fact lie.

Prior Bad Acts

Statutory Rape of AB

¶ 68. Typically, “[e]vidence of other crimes, wrongs, or act's is not admissible to prove the character of a person in order to show that he acted in conformity therewith.” M.R.E. 404(b). However, evidence of sexual misconduct involving other minors is admissible under Rule 404(b) when it demonstrates “that the defendant’s means of accomplishing [sexual activities] on past occasions bear substantial resemblance to each other and with the present offense, which serves as proof of motive and a common plan or scheme.” Boggs v. State, 188 So.3d 515, (¶ 13) (Miss. 2016) (citing Gore v. State, 37 So.3d 1178, 1186 (¶ 18) (Miss. 2010)).
¶ 69. Here, the record shows both AB and MM lived in close proximity to White, both of their families had a close relationship with White and trusted him, both had the opportunity to be alone with "White, and both had issues with their parents at the time of the offense. The substantial similarities between MM’s allegations and White’s misconduct with AB support the admissibility of evidence of White’s sexual misconduct with AB.

Humphreys County Incident

¶70. The State offered evidence that White’s sexual misconduct with MM began when he statutorily raped her on July 4, 2012, at Wolf Lake in Humphreys County. Evidence of another crime or prior bad act may also be admissible “to tell the complete story so as not to confuse the jury.” Archer v. State, 118 So.3d 612, 625 (¶ 53) (Miss. Ct. App. 2012). “The- prosecution has a ‘legitimate interest in telling a rational and coherent story of what happened.’” Id. at (¶ 54) (citing Brown v. State, 483 So.2d 328, 330 (Miss. 1986)). As the majority notes, “[i]t is the necessity by the State to use the other evidence ... in order to tell a coherent story that is the key to its admissibility.” Flowers v. State, 773 So.2d 309, 324 (¶ 47) (Miss. 2000).
¶ 71. Here, in order to tell a complete, rational, and coherent story, it was necessary for the Staté to present evidence of when and how White began his sexual misconduct with MM. Although the Hum- *914 phreys County incident occurred at a different time and location, the incident is integrally related in fact with this case as it involves the same victim and similar allegations of sexual misconduct,[7]
¶ 72. Overall, the record shows evidence' of the statutory rape of AB and the Hum-phreys County incident was properly admitted under Rule 404(b) and filtered through Rule 403, and was accompanied by a limiting instruction. The majority asserts that the circuit court failed to specify under which permitted use the evidence would be admitted. However, the record makes clear such’evidence'was offered to show opportunity, motive, plan, absence of mistake or accident, and/or intent. Thus, I find the evidence was properly admitted and would affirm.[8]

Prosecutorial Misconduct

¶ 73. I do not find the allegations of prosecutorial misconduct endangered the fairness of White’s trial and the impartial administration of justice. Pitchford v. State, 45 So.3d 216, 233 (¶ 58) (Miss. 2010). Moreover, I disagree with the majority’s opinion that “the circuit court abused its discretion and committed reversible error in this case.” Nevertheless, I will address the specific concerns- raised by the majority. -

Comments on Cross-examination ofLM

¶74. The majority finds the comment made by the district attorney that “[w]e are here because [White] was raping [MM] ” to be inflammatory and prejudicial. However, the jury had been advised and was aware of the nature of the case. The jury clearly knew the allegations involved and that the State’s position was that White raped MM. The fact that this was repeated in front of the jury does not rise to the level of prosecutorial misconduct.

Comments on Cross-examination of White

' ¶ 75. The majority further finds the prosecutor’s interjection of her personal beliefs and projection of guilt onto White were improper. However; no contemporaneous objection was made by White. “If no contemporaneous objection is made, the error, if any, is waived. Walker v. State, 913 So. 2d 198, 238 (¶ 148) (Miss. 2005). The majority claims the comments were so inflammatory and prejudicial that the circuit court should have objected on its own motion. See Gray v. State, 487 So.2d 1304, 1312 (Miss. 1986). However, if the instances of misconduct were so “plentiful,” as the majority notes, White should have objected. White cannot sit idly by and expect the circuit court to object each and every time to what he now claims amounts to “Aggregate instances of prosecutorial misconduct.”
.¶ 76. The majority further takes issue with the prosecutor’s questions to White regarding his first wife. However, upon White’s objection, the jury was instructed to disregard the questions.

Closing Arguments

¶ 77.'" The majority finds a “litany of prejudicial comments by the State in its closing argument.” However, once again, White failed to object to' any comments made during closing arguments.-Regard *915 less, the record shows the jury was properly instructed that statements made by counsel are not evidence.
¶ 78. Upon review, for the reasons discussed herein, I find no abuse of discretion and would affirm White’s conviction and sentence.'
IRVING, P.J., AND CARLTON, J., JOIN THIS OPINION; WILSON, J., JOINS THIS OPINION IN PART. '

. Here, MM alleged White parked his vehicle behind a pond, performed oral sex on her, and engaged in vaginal sex with her, Regarding the Humphreys County incident, MM alleged that, while at Wolf Lake, White made her perform oral sex on him, and engaged in vaginal sex with her.

. The majority finds the circuit court abused its discretion in failing to exclude testimony from Brenda Dew. However, White does not raise such alleged failure as an assigmnent of error on appeal. Instead, White’s assignment of error is limited to the statutory rape of AB and the Humphreys County incident.