DICKINSON, Presiding Justice,
for the Court:
¶ 1. Following his convictions for one count of sexual battery and three counts of gratification of lust, Joe Earl Cole argues on appeal that the trial court erroneously admitted hearsay and evidence of alleged prior unindicted acts of sexual misconduct with two of his minor granddaughters. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Joe Earl Cole’s grandchildren regularly visited his home in Rankin County. Granddaughters H.M., M.M., K.H., M.H., and E.C. all alleged that their grandfather touched them inappropriately. The Rankin County grand jury indicted Cole for one count of sexual battery, involving the *882 digital penetration of H.M., and three counts of gratification of lust for touching the vaginas of H.M., K.H., and E.C. The State did not seek an indictment for any conduct involving M.M. and M.H.
¶ 3. Prior to trial, Cole’s counsel filed a motion in limine to exclude taped forensic interviews of the alleged victims as inadmissible hearsay and — because they contained references to uncharged allegations involving a different victim — as improper character evidence.
¶ 4. On the day of trial, the judge held a hearing on Cole’s motion and determined that the tender-years exception to the rule against hearsay would overcome Cole’s hearsay objection to the taped interviews. Cole’s counsel also argued that admission of evidence of Cole’s prior, unindicted acts of alleged sexual misconduct would violate Rule 404(b) of the Mississippi Rules of Evidence, which prohibits the use of other crimes or wrongful conduct — often referred to as “prior bad acts” — to prove the defendant’s character, and to show that, when the defendant committed the acts for which he was indicted, he was acting in conformity with that character. Using the same argument, Cole also objected to any live testimony from alleged victim M.M., for whom no indictment was filed.
¶ 5. In response, the State argued that evidence of Cole’s prior bad acts was admissible through Mississippi Rules of Evidence 404(b) and 403, and under this Court’s opinion in Gore v. State.[1]
¶ 6. At the conclusion of the hearing, the trial judge found that the taped forensic interviews fell within the tender-years hearsay exception, but withheld ruling on the Rule 404(b) objection. Then, before opening statements, the trial judge found that the live testimony of H.M., M.M., K.H., E.C, and Amanda Haller — mother of K.H. and M.H. — regarding unindicted acts was admissible for all of the purposes argued by the State, and that the evidence was not substantially more prejudicial than probative.
¶ 7. At trial, all of Cole’s granddaughters except M.H. testified, alleging that most of the touching occurred when playing games, such as “find Kay Kay’s head” and “horses” with their grandfather. When playing “find Kay Kay’s head,” the children would get under the covers on the bed, turn out the lights, and then try to find K.H.’s head. K.H., who was ten years old at the time of the trial, testified that Cole had touched her “cookie,” another name for her vagina, on more than one occasion. She stated that, while playing this game, Cole touched her under her pants but on top of her underwear.
¶ 8. To play “horses,” they would pretend that the closet was a stable and one of the grandchildren was the hay in the stable for grandpa Joe (the horse) to eat. H.M. testified that while they were in the closet playing this game, Cole had inserted his finger into her vagina. She testified Cole had touched her several times either on top of or under her clothes. She also testified that Cole touched her while she was lying in a bed with several other people, including her grandmother. She testified that Cole had touched K.H. at least five times that she could remember.
¶ 9. E.C. testified that Cole had touched her more than once, including instances while playing “find Kay Kay’s head” and again when sitting on the couch watching TV. E.C. was eleven years old at the time of the trial.
¶ 10. M.M., age nine at the time of trial, testified that Cole had touched her private parts while they were sitting on the couch *883 watching television with her grandmother. Cole also would come into M.M.’s bedroom while she was sleeping and touch her, she said. When Cole touched her, it was always over her clothes, she testified. She also stated that, when they would play “find Kay Kay’s head,” Cole would touch K.H. the most.
¶ 11. M.H., who was three years old at the time, did not testify at trial. Her mother, Amanda, testified that she had informed M.H. about “bad” and “good” touches while changing her diaper, at which point M.H. told her that Grandpa Joe had touched her there. The State introduced into evidence taped forensic interviews of all five granddaughters. The interviewers testified as well.
¶ 12. The trial judge instructed the jury that any acts involving M.M. and M.H. were unindicted acts, and were admissible only to show “motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.” A jury found Cole guilty of all counts. Cole received sentences of twenty years for sexual battery and fifteen years for each count of gratification of lust, to run concurrently. Cole appealed, arguing that the trial judge committed reversible error by allowing evidence of the acts involving M.M. • and M.H., for which he was not indicted.
STANDARD OF REVIEW
 ¶ 13. We must employ two standards of review while reviewing this case. In determining whether a trial judge made an erroneous ruling on the admission or suppression of evidence, we employ an abuse-of-discretion standard.[2] But even where we find error, we do not reverse unless “the error adversely affects a substantial right of the party.”[3] Stated another way, trial judges enjoy “a great deal of discretion as to the relevancy and admissibility of evidence. Unless the judge abuses his discretion so as to be prejudicial to the accused, the Court will not reverse [the] ruling.”[4]
ANALYSIS
¶ 14. At trial, the State offered evidence, through live testimony and taped forensic interviews, of instances of Cole’s sexual misconduct involving different victims — M.M. and M.H. — than those alleged in the indictment. Cole’s attorney lodged two objections to the evidence, arguing first that the taped forensic interviews were hearsay, and also that the evidence of prior bad acts violated Rule 404(b), as inappropriate use of character evidence.
¶ 15. The trial judge conducted an extensive and thorough analysis of the children’s conduct, demeanor, and lack of motive to lie in the taped interviews, and he found the evidence admissible, holding that the tender-years hearsay exception[5] applied, and that the prior bad acts were admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident.[6] He also found that the evidence was not substantially more prejudicial than probative as required under Mississippi Rule of Evidence 403.
¶ 16. On appeal, Cole argues that the trial court erred by admitting this evidence under Rules 404(b) and 403, because no Rule 404(b) purpose was relevant to an *884 element of the offenses charged, and because the evidence was substantially more prejudicial than probative. He also argues that Rules 608 and 609 require all prior-bad-acts evidence to be prior convictions.

I. Whether Mississippi Rules of Evidence 608 and 609 require all prior-bad-acts evidence to be prior convictions.

¶ 17. As a preliminary matter, we reject Cole’s argument that Rules 608 and 609 of the Mississippi Rules of Evidence limit all prior-bad-acts evidence to prior convictions. Cole’s contentions on this issue are wholly without merit, because Rules 608 and 609, by them terms, apply only to evidence used to impeach a witness.
¶ 18. Rule 608 states in relevant part: Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness’s character for truthfulness, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness’s character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.[7]
Rule 609 provides in its relevant part:
For the purpose of attacking the character for truthfulness of a witness, (1) evidence that (A) a nonparty witness has been convicted of a crime shall be admitted subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and (B) a party has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the party; and (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of punishment.[8]
¶ 19. Rule 608 addresses the admissibility of impeachment evidence regarding the character and conduct of a witness,[9] and Rule 609 pertains to the use of a witness’s prior convictions for impeachment purposes.[10] The prosecution did not offer evidence of Cole’s prior bad acts to attack the credibility of a witness. Cole did not testify, so Rules 608 and 609 were inapplicable to any evidence of his prior bad acts. We find that Rules 608 and 609 do not apply to the evidence in question and that this assignment of error is without merit.

II. Whether the trial court properly admitted the prior-bad-acts evidence pursuant to Mississippi Rules of Evidence 101(b) and 103.

¶ 20. Rules 404(b) and 403 govern the admissibility of instances of a defendant’s prior bad conduct. With only three exceptions not applicable in this case, a person’s prior bad acts are not admissible “for the purpose of proving that he acted in conformity therewith on a particular occasion.” [11] Stated another way, the prosecutor in this case was prohibited from using Cole’s prior bad acts to suggest *885 to the jury that Cole had a bad character or bad character trait; and that he was acting in conformity with that bad character when he committed the acts for which he was on trial. Stated still another way, the prosecution may not introduce prior bad acts for the purpose of showing that the defendant has a propensity to engage in such conduct, that is, because he had done things like this before, he probably did it this time.[12]
¶ 21. Cole argues that his alleged prior bad acts were inadmissible because “no Rule 404(b) purpose was relevant to an element of the offenses charged.” We disagree.
¶22. Prior to Derouen v. State, this Court considered evidence of prior acts of sexual misconduct involving different victims to be so prejudicial that we held it was per se inadmissible, even for other purposes such as those listed in Mississippi Rule of Evidence 404(b).[13] Then, in Derouen, we rejected the notion that such evidence was per se inadmissable, finding instead that it could be admitted for alternative purposes, so long as the evidence was filtered through Rule 403, and was accompanied by an appropriate limiting instruction.[14] We now must analyze whether the trial judge committed manifest error in finding that the State had a noncharacter purpose for the evidence of Cole’s prior bad acts.
¶ 23. The trial judge instructed the jury that it could consider Cole’s prior bad acts to show — among other things— the absence of mistake or accident. Where a defendant does not put mistake or accident at issue — or where a reasonable juror could not conclude from the evidence that the defendant’s conduct was an accident or mistake — prior-bad-acts evidence may not be admitted for that purpose.[15]
¶ 24. During the hearing on the admissibility of the evidence, the State argued— based on Gore — that the evidence of Cole’s prior unindicted acts of sexual misconduct was admissible “for the purposes of proof of motive, as they say in Gore, to gratify his lust, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.” The State also pointed out that,
from what we understand, the defendant is framing an accidental touch or, okay, or a mistake, he mistakenly touched.... It’s in the statement from [KH], She says she slapped the hand away, and he said, I didn’t know I touched you.
Cole’s counsel made no response to this assertion. We therefore cannot say that the trial judge abused his discretion in finding that the evidence of Cole’s prior bad acts was admissible for the purpose of showing absence of accident or mistake.
¶ 25. As for the other purposes argued by the State, we find nothing in the record to suggest that Cole’s motive, opportunity, intent, preparation, plan, or knowledge were at issue. These points never were raised or argued by either side. But where the State argues any alternative purpose for the evidence that does not violate Rule 404(b), the fact that other alternative purposes are argued is *886 irrelevant, because Rule 404(b) requires only that the evidence not be offered for the purpose of showing that the defendant acted in conformity with his bad character.
¶ 26. Because the State articulated a legitimate, alternative evidentiary purpose for Cole’s prior bad acts, we find the trial judge complied with this Court’s requirements under Derouen.[16] We also find that the trial judge gave proper instructions on the purpose for which the jury could not consider the evidence.
¶ 27. We take this opportunity to note that it would be a rare case in which every one of Rule 404’s examples of alternative purposes applied. We admonish prosecutors to refrain from offering prior-bad-acts evidence based on a rote recitation, such as: “the State is not offering the prior bad acts as character evidence to show the defendant acted in conformity with his character, but the State is attempting to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” Instead, prosecutors should clearly present the alternative purpose for the evidence, and trial judges should state the purpose for which the evidence is being admitted, and then provide the jury an appropriate limiting instruction. Only then can we provide a fair review on appeal.
CONCLUSION
¶ 28. We cannot say that the trial judge erred by admitting evidence of Cole’s prior bad acts for the purpose of demonstrating the absence of accident or mistake. Because the issues Cole presents on appeal are without merit, we affirm his conviction and sentence.
¶ 29. COUNT I: CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNTS II, III, AND IV: CONVICTION OF GRATIFICATION OF LUST AND SENTENCE OF FIFTEEN (15) YEARS, EACH COUNT, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCES IN COUNTS II, III, AND IV SHALL RUN CONCURRENTLY WITH EACH OTHER BUT CONSECUTIVELY TO THE SENTENCE IMPOSED IN COUNT I. THE EXECUTION OF THE LAST TEN (10) YEARS OF THE CONCURRENT SENTENCES IN COUNTS II, III, AND IV IS STAYED AND THAT PORTION OF THE SENTENCES IS SUSPENDED, WITH THE APPELLANT TO BE RELEASED, WITH CONDITIONS.
KITCHENS, CHANDLER, KING AND COLEMAN, JJ., CONCUR. RANDOLPH, P.J., CONCURS IN PART AND IN RESULT WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., LAMAR AND PIERCE, JJ.

. Gore v. State, 37 So.3d 1178 (Miss.2010).

. Haggerty v. Foster, 838 So.2d 948, 958 (Miss.2002).

. Id. (quoting In re Estate of Mask, 703 So.2d 852, 859 (Miss.1997)).

. Green v. State, 89 So.3d 543, 549 (Miss.2012) (citations omitted).

. Miss. R. Evid. 803(25).

. Miss. R. Evid. 404(b).

.Miss. R. Evid. 608(b).

. Miss. R. Evid. 609(a).

. Miss. R. Evid. 608(b).

. Miss. R. Evid. 609(a).

. Miss. R. Evid. 404(a).

. Id.; see also Miss. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.”).

. Derouen v. State, 994 So.2d 748, 756 (Miss.2008) (citing Lambert v. State, 724 So.2d 392, 394 (Miss.1998) (citing Mitchell v. State, 539 So.2d 1366, 1372 (Miss.1989))).

. Derouen, 994 So.2d at 756.

. Mitchell v. State, 110 So.3d 732, 734 (Miss.2013).

. Derouen, 994 So.2d at 756.