DICKINSON, Presiding Justice,
concurring in part and in result:
¶27. I agree that the circuit judge properly admitted evidence of Boggs’s inappropriate conduct towards D.N. and S.S. under Mississippi Rule of Evidence 404(b) because the striking similarity between that conduct and the charged offense made those acts relevant to prove that Boggs operated with a common plan or scheme. I do not agree, however, with the majority’s continued insistence on allowing the admission of propensity evidence that has been mislabeled as “motive.” I also believe that by failing to tailor the limiting instruction to the purposes for which he admitted this evidence, the circuit judge erred. But because that failure did not affect a substantial right of the party, I join the majority’s decision to affirm.

Other Acts as Proof of Motive

¶ 28. Mississippi Rule of Evidence 404(a) states that “[éjvidence of a person’s character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion.” This is forbidden “propensity” evidence. But in sex-crime cases, this Court often allows prosecutors to do exactly that — prove the defendant committed a sex crime because he is the kind of person who commits sex crimes. This is accomplished by improperly characterizing the evidence as motive under Mississippi Rule of Evidence 404(b).[5]
¶ 29. Motive means evidence probative to show why the defendant may have eom-mitted the crime at issue. For instance, a defendant who defaulted on a' large loan would have a motive to steal. Evidence that the accused had stolen-in the past provides no evidence of a motive to steal again. This is exactly the kind of propensity evidence Rule 404(a) prohibits.
¶ 30. The majority provides surprising confirmation that it intends to allow propensity evidence in sex crimes by stating that prior acts of sexual misconduct evidence a “ ‘seemingly uncontrollable desire to partake in pedophilic sexual activities with young and developing female juveniles.’ ” But rather than calling it what it is — propensity evidence — the majority labels it “motive.”[6]
¶31. The fact that Boggs may have committed prior acts of sexual misconduct says .nothing about his motive to commit the charged act. Rather, it showed that he was the type of person who would commit such an act. This was propensity evidence. That said, I agree with the majority’s conclusion that the evidence was properly admitted to prove that Boggs operated with a common scheme or plan.

The Limiting Instruction

¶ 32. The trial judge improperly instructed the jurors that they could consider Boggs’s prior sexual misconduct for all of the enumerated purposes in Rule 404(b). But, Mississippi Rule of Evidence 105 states:
If the court admits evidence that is admissible against a party or for a purpose — but not against another party or for another purpose — the court, unless expressly waived or .rebutted, shall restrict the evidence to its proper scope, contemporaneously instruct the jury ac *526 cordingly, and give a ■written instruction if requested.
¶ 33. Here, the judge not only failed to comply- with Rule 105 but expressly allowed the'jurors to consider the evidence for all the purposes' under Rule 404(b), including motive. While the'judge properly admitted the evidence of acts involving D.N. and S.S. to prove a common plan or scheme, he improperly instructed the jury that it could use that evidence for the other purposes. Rule. 105 specifically requires that the instruction “restrict the evidence to its proper scope.” Our opinion in Cole v. State simply reiterated this point:
We admonish prosecutors to refrain from offering prior-bad-acts evidence básed on a rote recitation, such as: “the State is not offering the prior bad acts as character evidence to show the defendant acted in conformity with his character, but the State is attempting to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” Instead, prosecutors should clearly present the alternative purpose for the evidence, and trial judges should state the purpose -for which the evidence is being admitted, arid then provide the jury an appropriate limiting instruction.[7]
¶ 34. So I believe the judge committed error by failing to provide a sufficiently tailored limiting instruction. That said, Mississippi Rule of Evidence 103 provides that “[ejrror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected.” Because I believe the evidence was properly before the jury, and the trial judge gave a limiting instruction informing the jury that it could “not simply infer that the defendant acted in conformity with his previous acts,” I do not believe a substantial right was affected. So I join the majority’s decision to affirm.
KING, J., JOINS THIS OPINION.

. Gore v. State, 37 So.3d 1178, 1186 (Miss.2010) (quoting State v. Driggers, 554 So.2d 720, 726 (La.Ct.App.1989)).

. Maj. Op. at ¶ 18 (quoting Gore, 37 So.3d at 1186).

. Cole v. State, 126 So.3d 880, 886 (Miss.2013).