# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-KA-01184-SCT

*JASON CUNNINGHAM McGRATH a/k/a JASON McGRATH*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/08/2017 |
| TRIAL JUDGE: | HON. MICHAEL H. WARD |
| TRIAL COURT ATTORNEYS: | NESHONDRIA DEQUANDRA ELLERBY |
| | GEORGE RANDALL HUFFMAN |
| | FRANK PHILIP WITTMANN, IV |
| | ROBERT KEITH MILLER |
| | DAVID CARSON FUTCH |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL W. CROSBY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: KAYLYN HAVRILLA McCLINTON |
| DISTRICT ATTORNEY: | ANGEL DANIELLE PATANO-MYERS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 04/18/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE RANDOLPH, C.J., MAXWELL AND BEAM, JJ.

## MAXWELL, JUSTICE, FOR THE COURT:

¶1.     A jury found Jason McGrath guilty of four counts of sexual battery by a person in a position of trust and one count of touching a child for lustful purposes. The charges stemmed from McGrath's sexual assault and molestation of his stepdaughter, M. M. He was sentenced

to what amounts to forty years' imprisonment.[1]  On appeal, McGrath argues the trial judge wrongly admitted Rule 404(b) evidence of McGrath's previous sexual assaults and molestations of a different stepdaughter and his adopted daughter.  We disagree.

¶2.     After hearing from both previous victims and the parties, the judge found McGrath's earlier sexual assaults and molestations were relevant to show McGrath's intent, motive, opportunity, knowledge, and absence of mistake.  The judge admitted this evidence under Rule 404(b), having deemed it more probative than prejudicial under Rule 403.  We find there were several legitimate purposes supporting these admissions, and we see no abuse of discretion in these rulings.  We affirm.

### Background Facts and Procedural History

### I.     Rape and Sexual Assault

¶3.     On the morning of June 23, 2014, thirteen-year-old M. M. awoke after receiving a text message from her stepfather, McGrath.  The message asked her to come to the living room. M. M. walked to the living room and sat on the couch next to McGrath.  When she did, McGrath reached over and began touching M. M.'s vagina with his hand.  He eventually put his finger inside M. M.'s vagina.  M. M. got up from the couch and went into the kitchen. McGrath followed her.  Once there, he mixed some vodka with cranberry juice, handed the drink to her, and told her she was "better when [she's] drunk."

¶4.     M. M. ate some food, drank some of the cocktail McGrath had made, and returned to

---

[1] McGrath was sentenced to thirty years on Count III, twenty years on Count I, fifteen years on Count V, twenty years on Count IV, all concurrent with the sentence in Count III. On Count II, McGrath was sentenced to twenty years, with ten to serve and ten years of post-release supervision.

her bedroom. Soon after, McGrath entered M. M.'s room. He removed her clothes and performed oral sex on her. He then climbed on top of M. M. and had sexual intercourse with her. Afterwards, McGrath apologized. And before leaving M.M.'s room, he suggested they act like it never happened. But just a few hours later, when both McGrath and M. M. were back in the living room, McGrath asked M. M. if she had ever performed oral sex. She said she had not. McGrath then grabbed M. M. by her shoulders, pushed her to the floor, and forced her to perform oral sex on him.

¶5.     The next day, M. M. gave her mother a brief description of what McGrath had done. This prompted M. M.'s mother to take M. M. to the hospital, where the young girl gave a nurse a written statement detailing McGrath's sexual abuse.

## II.     Indictment and Trial

¶6.     McGrath was indicted on April 10, 2015. He was charged with four counts of sexual battery by a person in a position of trust and one count of touching a child for lustful purposes. McGrath was also under indictment in another sexual-abuse case. In that case, he was charged with sexually assaulting his former stepdaughter, A. D., between 2010 and 2011. And several months before trial in the present case, the State filed a motion—under Mississippi Rule of Evidence 404(b)—seeking to admit testimony from A. D. about her past sexual abuse by McGrath.

¶7.     At a February 16, 2017 hearing, the State proffered A. D.'s testimony and heard argument from the State and McGrath. Afterwards, the judge ruled that evidence McGrath had forced then-nine-year-old A. D. to perform oral sex on him was more probative than

3

prejudicial under Rule 403. So he admitted it in this case under Rule 404(b) as proof of McGrath's motive, opportunity, intent, knowledge, and absence of mistake.

¶8. Shortly after the February hearing, the State sought admission of additional Rule 404(b) evidence. The evidence came from another of McGrath's alleged then-minor victims—this time, his adopted daughter, J. M. The State argued J. M.'s accounts of abuse bore "substantial similarities to the abuse of M. M." On the first day of trial, before jury selection, the State proffered J. M.'s testimony. According to J. M., when she was between twelve and fourteen years old, McGrath, on several occasions, slid his hand in her underwear and played with her "pubic hair." As she put it, he would "twist it in his fingers." On one occasion, McGrath pulled her on his lap while they were swimming and she could feel "his penis in his swim trunks." After arguments from both sides, the trial court found J. M.'s testimony about McGrath's fondling her pubic hair and the swimming episode were more probative than prejudicial. So he admitted the evidence under Rule 404(b) to show McGrath's intent and opportunity. But the judge excluded evidence that McGrath was verbally and physically abusive and frequently walked around the house wearing only his underwear.

¶9. At trial, the State called nine witnesses, including McGrath's three victims—M. M., A. D., and J. M. McGrath did not testify. After deliberating, the jury found McGrath guilty on all counts. The judge denied his motion for a new trial, and he now appeals to this Court.

**Discussion**

¶10. McGrath argues the trial judge erred in admitting A. D.'s and J. M.'s testimony. He

4

also suggests the State made an impermissible closing argument and claims his attorney was constitutionally deficient. We disagree. The record shows the trial judge properly evaluated the prior-bad-acts evidence—after filtering it through Mississippi Rule of Evidence 403—and admitted it for permissible purposes. So we see no error in the handling of the Rule 404(b) evidence. As to McGrath's attack on the State's closing, McGrath failed to object during the State's closing arguments. Thus, he waived any respective challenge. Waiver aside, his challenges lack merit. Further, the record is insufficient to address McGrath's ineffective-assistance-of-counsel claim.

## I. A. D.'s and J. M.'s Testimony

¶11. McGrath's primary argument concerns the trial judge's admission of evidence that he sexually abused his former stepdaughter, A. D., and fondled his adopted daughter, J. M. Because McGrath challenges an evidentiary ruling, we apply an abuse-of-discretion standard. *See **Hargett v. State***, 62 So. 3d 950, 952 (Miss. 2011).

### A. Rules 404(b) and 403

¶12. Mississippi's evidentiary rules do not generally permit evidence of other crimes, wrongs, or acts to prove a person's character to show he or she acted in conformity therewith. Miss. R. Evid. 404(a). And for many years, evidence of a defendant's sexual abuse of children—other than the one he or she was on trial for abusing—was not admissible. But this prohibition was abolished in ***Derouen v. State***, 994 So. 2d 748 (Miss. 2008). The Court recognized that "[s]ex crimes against children are furtive, secret events usually lacking evidence other than the conflicting testimony of the defendant and the victim." ***Id.*** at 754.

5

Thus, in many child sexual abuse cases, "[t]he only viable proof of motive, intent, plan, knowledge, identity or absence of mistake or accident may be the pattern of abuse suffered by others at the hands of the defendant." *Id.* at 754-55. Now, under our controlling law, if evidence of other sexual abuse is "properly admitted under Rule 404(b), filtered through Rule 403, and accompanied by an appropriately-drafted limiting or cautionary instruction to the jury," it may be admitted. *Id.* at 756.

¶13. Here, the trial judge heard extensive argument and testimony before admitting A. D.'s and J. M.'s testimony. He considered Rules 404(b) and 403 and made the required findings. He found A. D.'s testimony of her past sexual abuse was relevant to prove "motive, opportunity, intent, knowledge, [and] absence of mistake under 404(b)." He then filtered the evidence through Rule 403, and made an on-the-record finding that it was not "substantially outweighed by undue prejudice." By comparison, the judge excluded some of J. M.'s proposed testimony about McGrath's physical and verbal abuse. But he found J. M.'s testimony about McGrath's fondling her and the swimming pool episode were probative of McGrath's "intent and opportunity" and "not outweighed by the prejudicial effect." Thus, he admitted those portions.

### B. McGrath's Rule 404(b) Arguments

¶14. McGrath recognizes that there is no longer a per se ban of Rule 404(b) evidence when defendants are charged with sexually abusing minors. He also concedes the judge cited the list of permissible Rule 404(b) exceptions in admitting evidence of his abuse and molestations of A. D. What he hinges his argument on are claimed dissimilarities between

his alleged sexual abuse of A. D.—which occurred about six years earlier when she was only three or four years old—and his charged sexual battery of thirteen-year-old M. M. He also complains that because he did not build his defense around his lack of sexual intent or mistake, Rule 404(b) evidence should not have been admitted for those purposes. We find no merit to these assertions.

### C. *McGrath's abuse of A. D. and the present charges*

¶15. The State pointed out the similarities between McGrath's abuse of A. D. and his more recent deviant sexual behavior with M. M. McGrath forced both young girls to perform oral sex on him. And similar opportunities to abuse the girls occurred when they were alone with McGrath at home. He also occupied the same position of authority over both children—he was their stepfather. This authority position formed the basis for each of the four "Sexual Battery by a Person in a Position of Trust" charges.

¶16. In *Green v. State*, this Court held that, when the sexual acts bear "overwhelming similarities" to the conduct at issue, they are "undeniably" admissible under Rule 404(b) as both motive and as evidence of a "common plan, scheme, or system." *Green v. State*, 89 So. 3d 543, 550, n.19 (Miss. 2012) (alteration omitted) (quoting *People v. Sabin*, 614 N.W. 2d 888, 899 (Mich. 2000)). The familial relationship and position McGrath held as a stepfather is particularly relevant, not only for the substantive charges, but also for Rule 404(b) purposes. Sexual acts which demonstrate "a *common plan, scheme, or system . . .* utilized . . . repeatedly to perpetrate separate but very similar crimes," such that the defendant "had a system that involved taking advantage of the parent-child relationship" are admissible.

*Young v. State*, 106 So. 3d 775, 779 (Miss. 2012) (quoting *Green*, 89 So. 3d at 500 n.19). The same can be said for McGrath's substantially similar abuse opportunities.

¶17.    The only support McGrath offers for exclusion of his prior abuse allegations is a recent Mississippi Court of Appeals opinion, *White v. State*, 228 So. 3d 893 (Miss. Ct. App. 2017).  In that case, the sharply divided appellate court held the trial judge wrongly admitted Rule 404(b) evidence about a defendant's alleged extramarital affair with a fifteen-to-seventeen-year-old girl, nine years later when he faced criminal charges for forcefully raping his eleven-year-old niece.  *Id.* at 901-02.  We find *White* completely unpersuasive and factually dissimilar.  The Court of Appeals limited its holding to *White*'s particular facts. And there was no similar position of trust weaved through both episodes.  Nor was there a later forced rape of a child.  *Id.*  So *White* has no bearing here.

¶18.    What is relevant, however, is this Court's emphasis that any evidence that tends to show a "seemingly uncontrollable desire to partake in pedophilic sexual activities with young and developing female juveniles, is probative regarding *motive*." *Young*, 106 So. 3d at 779 (internal quotation marks omitted) (quoting *Green*, 89 So. 3d at 550 n.19).  And a jury may hear evidence of a "'defendant's *means* of accomplishing these activities'" if they "'bear substantial resemblance to each other and with the present offense.'" *Id.* (quoting *Gore v. State*, 37 So. 3d 1178, 1186 (Miss. 2010)).  McGrath's motives and opportunity were similar—he used his position of trust, while alone with his stepchildren, to sexually abuse them.  That there were differences in severity of some of the assaults and molestations and that one of his stepchildren was three or four and the other thirteen did not negate his

8

substantially similar opportunities and pedophilic motives.

### D. Purposes of Rule 404(b) Evidence

¶19.	McGrath also argues the judge reversibly erred by admitting Rule 404(b) evidence for two purposes he claims were not at issue—absence of mistake and his underlying intent.

#### (1)	Absence of Mistake

¶20.	Upon review, as discussed, there were legitimate, alternative evidentiary purposes for admission of McGrath's prior sexual abuse.  Thus, there was no harm in the judge's also admitting it for what ended up being an ancillary irrelevant purpose—showing absence of mistake.  *See* **Cole v. State**, 126 So. 3d 880, 885-86 (Miss. 2013).

#### (2)	Intent

¶21.	As to McGrath's intent argument, Count V charged him with touching a child for lustful purposes—a specific intent crime.  One of the elements the State had to prove in Count V was that McGrath touched M. M. for purposes of gratifying his lust or indulging his licentious sexual desires.  Miss. Code Ann. § 97-5-23(2) (Supp. 2018).  A deep-rooted premise of Mississippi law is that a mere "plea of not guilty . . . puts upon the State the burden of establishing every fact necessary to constitute guilt."  **Cunningham v. State**, 56 Miss. 269, 274 (1879).  That McGrath did not testify or mount an intent-based defense did not diminish the necessity that the State prove his lustful intent.  Rather, by merely pleading not guilty to this specific-intent crime, McGrath put his intent squarely in issue.  The judge weighed the evidence and arguments and found Rule 404(b) evidence of McGrath's prior fondlings of J. M.'s pubic hair relevant to prove McGrath's lustful intent and opportunity.

9

And after review of J. M.'s testimony and the judge's findings, we see no abuse of discretion in the judge's deeming the probative value of this evidence was not outweighed by the danger of unfair prejudice.[2]

## II. Prosecutorial Misconduct

¶22. McGrath next suggests the State made an impermissible closing argument. He argues the prosecutor "attempted to cloak [a] constitutional violation" when "direct[ing] the jury's attention" to his right to remain silent. He also insists the State "vilif[ied]" him by using the words "pain," "painful," and "uncomfortable" when discussing the victims' embarrassment suffered by disclosing his sexual assaults. McGrath also takes issue with the prosecutor's pointing at him and asking the jury to hold him accountable for his actions with a guilty verdict.

¶23. First, McGrath did not object at trial, so he has waived any potential errors during closing arguments. *See Terrell v. State*, 237 So. 3d 717, 734 (Miss. 2018). Even so, none of the prosecutor's remarks were objectionable.

### A. McGrath's Right to Not Testify

¶24. A prosecutor is not allowed to comment on a defendant's Fifth Amendment right not to testify. *See Moffett v. State*, 156 So. 3d 835, 853 (Miss. 2014). But what McGrath argues is error here is in no way violative of this Fifth Amendment protection. McGrath is upset that the State summarized and discussed the testimony of its *own* witnesses. He claims the

---

[2] It is arguable that the swimsuit matter's probative value may be outweighed by its possible prejudicial effect, but considering the overall weight of the evidence against McGrath, its admission, even if error, was at most harmless.

10

State's recitation of its witnesses improperly highlighted the fact that he did not testify. Simply put, this practice is completely permissible and routinely done in most criminal cases. It is by no means a comment on McGrath's election not to testify.

### B. Prejudicial, Inflammatory Statements

¶25. Lawyers are allowed wide latitude in closing arguments and may reasonably draw deductions or conclusions from the evidence. *See Franklin v. State*, 136 So. 3d 1021, 1031 (Miss. 2014); *see also Wells v. State*, 698 So. 2d 497, 506 (Miss. 1997). The prosecutor used the words "pain," "painful," or "uncomfortable" when describing how McGrath's sexual assault victims must have felt when reporting the embarrassing offenses and testifying about these certainly traumatic experiences in front of strangers in court. Although this issue is waived, we find the State's mentioning the feelings these girls experienced when disclosing and testifying about being sexually abused and molested by McGrath was not objectionable, much less so inflammatory or prejudicial to constitute a due process violation and warrant reversal. *See Greer v. Miller*, 483 U.S. 756, 765, 107 S. Ct. 3102, 3108-09, 97 L. Ed. 2d 618 (1987).

### C. "Hold Him Accountable" Statement

¶26. McGrath next claims the State committed misconduct by pointing at McGrath and asking the jury to hold McGrath accountable for his actions with a guilty verdict. McGrath provides no relevant authority or explanation for why the prosecutor's pointing at him, or the related argument, is reversible misconduct. He simply says it is prejudicial and unfair. In *O'Connor v. State*, this Court addressed a "send-a-message" argument by a prosecutor.

11

***O'Connor v. State***, 120 So. 3d 390, 398-99 (Miss. 2013). We explained that when confronted by such an argument, we first determine if the defendant's claimed error is procedurally barred. ***Id.*** If the claim is not barred, this Court must decide if the prosecutor's statement was so inflammatory that reversal is required. ***Id.*** As mentioned, McGrath did not object at trial, so the argument is waived. But even if he had, the State did not ask the jury to "send a message" to the community or anyone else. Instead, the prosecutor argued, "[t]his defendant is sitting in that chair right now because of the actions that he took on June 23, 2014, and I ask you to hold him accountable for those actions, and find him guilty of the charges that he's alleged to have committed, because he committed them." Here, the judge properly instructed the jury on the elements of the offenses. And "[t]he members of the jury were charged with the duty to make a finding of guilt based on the testimony and evidence presented at trial." ***Long v. State***, 52 So. 3d 1188, 1194 (Miss. 2011). What the State argued was nothing more than "simply reiterating the jury's duty set forth in the jury instructions." ***Id.*** Not only is this issue procedurally waived, but again there is no error.

### III. Ineffective Assistance of Counsel

¶27. McGrath's final argument is that his trial counsel was ineffective for not objecting to the State's motion under Mississippi Rule of Evidence 412 to exclude alleged abuse by M. M.'s brother. We decline to address the issue at this time. There is no filed Rule 412 motion in the record. And the only reference in the transcript is a brief discussion between the trial judge, the State, and the defense that seems to confirm earlier discussions that any evidence of the alleged abuse was inadmissible under Rule 412. This alone is insufficient

to establish a *Strickland* claim. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). And the State does not stipulate the record is adequate to address his claim. *Read v. State*, 430 So. 2d 832, 841 (Miss. 1983).

¶28.    We therefore deny relief but preserve McGrath's right to bring a *Strickland* claim in a post-conviction-relief petition, if he so chooses. *See Lofton v. State*, 248 So. 3d 798, 808-09 (Miss. 2018); *Archer v. State*, 986 So. 2d 951, 955 (Miss. 2008).

**Conclusion**

¶29.    Evidence of prior bad acts is admissible when the trial judge properly analyzes the evidence under Rules 404(b) and 403. Here, the trial court did exactly that. The alleged victims testified McGrath sexually abused and molested them while they were minors in his care as a parent—similar acts that would tend to prove intent, motive, and opportunity in the present case against McGrath. The judge weighed the evidence and found it relevant and more probative than prejudicial. There is no abuse in that discretionary call. As to the State's alleged misconduct during closing argument, McGrath failed to object. So those issues are waived and upon review lack merit. Finally, since there is an insufficient record to address McGrath's *Strickland* claim, this Court dismisses it without prejudice for McGrath to raise it in a post-conviction-relief petition.

¶30.    **AFFIRMED.**

   **RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**