McCARTY, J., DISSENTING:
 

 ¶39. With all due respect, I cannot agree with the majority's finding that the circuit court committed harmless error when it allowed Close's witness testimony and the State to call Blackwell a child molester during closing arguments.
 

 ¶40. This case perfectly represents exactly why we have the Mississippi Rules of Evidence-especially Rule 403-to guard against conviction by social pressure or disgust. Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." M.R.E. 403. Allowing the witness's decades-old testimony was prejudice per se.
 

 ¶41. "Under Rule 404(b), evidence of crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith."
 

 White v. State
 
 ,
 
 228 So.3d 893
 
 , 901 (¶ 16) (Miss. Ct. App. 2017). "[T]he prosecution may not introduce prior bad acts for the purpose of showing that the defendant had a propensity to engage in such conduct, that is, because he had done things like this before, he probably did it this time."
 
 Cole v. State
 
 ,
 
 126 So.3d 880
 
 , 885 (¶ 20) (Miss. 2013). "The reason for the rule is to prevent the State from raising the inference that the accused has committed other crimes and is therefore likely to be guilty of the offense charged."
 
 Mitchell v. State
 
 ,
 
 110 So.3d 732
 
 , 734 (¶ 10) (Miss. 2013).
 

 ¶42. There are exceptions in which a defendant's prior bad act may be admissible. These are when the State submits evidence in order to show one of the following: motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. M.R.E. 404(b)(2). None of these exceptions apply in the present case. I can find no other reason to introduce Close's testimony other than to prejudice the jury. This is a classic example of inadmissible propensity evidence.
 

 ¶43. This case closely tracks
 
 White v. State
 
 ,
 
 228 So.3d 893
 
 -no matter the attempts to distinguish it. In
 
 White
 
 , the State submitted witness testimony of a nine-year-old allegation of sexual offense by the defendant at his current trial.
 
 White
 
 ,
 
 228 So.3d at 901
 
 (¶ 18). On appeal, this Court held that the witness's testimony was not probative of the defendant's plan, motive, intent, or opportunity and therefore was inadmissible.
 

 Id.
 

 at 902
 
 (¶ 22). The same result should be reached here today. Just as in
 
 White
 
 , the circuit court here abused its discretion by admitting highly prejudicial and minimally probative evidence of an uncharged twenty-year-old offense. I am certain that the jury convicted Blackwell due to the ancient allegations.
 

 ¶44. Just as in
 
 White
 
 , the trial court also failed to make on-the-record findings. "When the trial court admits other bad acts evidence under Rule 404(b), it should make an on-the-record Rule 403 finding that the probative value is not substantially outweighed by the danger of unfair prejudice."
 

 Id.
 

 ¶45. In
 
 White
 
 this court took issue with the circuit court neglecting to specify what, under 404(b), made the defendant's prior bad act admissible.
 

 Id.
 

 We said that the circuit court's general explanation of the rule was not adequate.
 

 Id.
 

 Just as in
 
 White
 
 , the circuit court here did not adequately explain its decision. It merely agreed with the prosecution and said the evidence was admissible under Rule 404(b).
 

 ¶46. "The proposition that an uncharged, factually dissimilar, and almost [two-]decade-old offense contains probative value that substantially outweighs the threat of unfair prejudice to the defendant's constitutional rights is certainly a stretch."
 
 White
 
 ,
 
 228 So.3d at 901
 
 (¶ 18).
 

 ¶47. In addition to the improper witness testimony, Blackwell's case also warrants reversal based on the State's wildly out-of-bounds closing argument. The majority finds no error because the State never referred to Blackwell as a pedophile. Technically, this is true. What happened was way worse because the State called the defendant a child molester not once, but twice:
 

 But now that we've heard all the testimony and the evidence, I submit to you that, yes, look at this defendant, look at him. That's what they asked you to do in opening. This is a child molester.
 

 ....
 

 And I'll tell you what, there is one explanation and it's a much simpler one. This defendant is a child molester.
 

 ¶48. This is the sort of statement that shocks the conscious and prevents a defendant from receiving a fair trial. Cases should be tried based on their facts-not innuendo or fearmongering.
 

 ¶49. For the forgoing reasons, I respectfully dissent.
 

 WESTBROOKS AND McDONALD, JJ., JOIN THIS OPINION.